UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TYRONE CAUSEY,                            )
                                          )
                Petitioner,               )
v.                                        )   No. 1:05-CV-897-SEB-VSS
                                          )
THOMAS HANLON, Superintendent,            )
                                          )
                Respondent.               )

**Entry Discussing Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

In his petition for a writ of habeas corpus, Tyrone Causey challenges the validity of a disciplinary proceeding in which he was found guilty of the prison infraction of possession of drug paraphernalia.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Causey was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

     Although Causey contends that the challenged disciplinary proceeding, identified as No. CIC 05-03-0143 is constitutionally infirm, the pleadings and the expanded record show otherwise. Those pleadings and the record show that (1) Causey received a copy of the conduct report setting out the nature and circumstances surrounding the alleged infraction, (2) Causey was notified of the charge more than 24 hours in advance of the hearing and of his procedural rights, (3) Causey had the right to appear, make a statement, and present evidence, (4) the decision maker issued a written statement outlining the evidence which was submitted and setting forth the finding on which Causey's guilt was based, (5) the sanction imposed was clearly identified and a reason given for the sanction selected.  In addition, there was some evidence that Causey had violated institution rules in the manner alleged. These procedural rights fully comported with the template established by *Wolff v. McDonnell,* 418 U.S. 539 (1974), and with the substantive component concerning the quantum of evidence which due process requires set forth in *Superintendent v. Hill,* 472 U.S. 445 (1985). With respect to this latter feature, the evidence favorable to the conduct board's decision shows that on March 15, 2005, Sergeant P. Gibson conducted a search of the cell to which Causey was assigned, and during the course of that search found four marijuana seeds and a burned razor blade. Sgt. Gibson stated that upon entering the room smoke rolled out and smelled like a mixture of tobacco and marijuana. The discovery of this contraband in the cell assigned to Causey certainly constituted "some evidence" of his possession of it. The fact that Causey's then-cellmate, who was also charged with the same offense, informed prison authorities that he was culpable, did not compel a different decision. *Hill,* 472 U.S. at 457("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Certainly there was no equal protection interest implicated by this situation. *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual."). Similarly, Causey was not entitled to forensic testing of the seeds which were found in his cell, *Friedas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988); *U.S. Ex Rel. Wilson v. DeRobertis,* 508 F. Supp. 360 (N.D.Ill. 1981), and the absence of such tests goes simply to the weight of the evidence.

     "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Causey to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, the petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED**.

Date: 01/18/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana